## Bosworth, Auditor v. Lay, Clerk.

(Decided November 19, 1912.)

### Appeal from Franklin Circuit Court.

Clerks of Circuit Courts—Fees in Felony Cases—Construction of Statute.—In enacting section 1722, Kentucky Statutes, the legislature intended to allow the clerks of the circuit courts five dollars for their services in each case of the Commonwealth against a defendant charged with a felony, and this fee is due and payable when the case is taken from the docket by either dismissing or quashing the indictment, or by a trial before a

JAMES GARNETT, Attorney General; M. M. LOGAN, Assistant Attorney General for appellant.

O'REAR & WILLIAMS and TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

At the November term, 1911, of the Whitley Circuit Court, the grand jury returned an indictment against Gus Dixon and Garret Perkins charging them jointly with the crime of feloniously breaking into a store house of another with the intent to steal therefrom. In May, 1912, another indictment was returned in the same court against L. L. Peace and J. E. Stephens jointly charging them with subornation of perjury. And during the same term of that court another indictment was returned against W. T. Meadors and H. T. Perkins charging them jointly with the crime of forgery. It is alleged in the petition that on different days motions and orders were made and the indictments against each individual dismissed, and the circuit court clerk made out his bill under section 1722, Kentucky Statutes, for $30; five dollars for each person named in the indictments. The Auditor, under the advice of the Attorney General, refused to pay the claim in full but offered to pay $15; that is, $5 for each indictment that was dismissed. The clerk refused to accept this offer and brought this action

in the Franklin Circuit Court for a writ of mandamus compelling the Auditor to pay his claim in full. The lower court issued the writ and the Commonwealth appeals.

The only question is whether section 1722, Kentucky Statutes, authorized the clerk to make out his claim as he did. This section is as follows:

"That the clerks of the various circuit courts of this Commonwealth, other than as hereinafter provided, shall be entitled to, allowed and paid by this Commonwealth, a fee of five dollars for services rendered or performed by them, respectively, for the Commonwealth in all felony cases or prosecutions by indictment for felony in their respective courts, except in such prosecutions in which the defendant may, under a felony indictment, be convicted only of a misdemeanor. The amount herein allowed, to be paid by warrant of the Auditor of Public Accounts upon State Treasurer after a verified statement of such services shall have first been made out by the clerk entitled to same, and which original statement shall have been indorsed 'examined and approved' by the regular judge and Commonwealth's Attorney of said circuit court, and filed with the Auditor, which in no instance shall be done until the case or prosecution has been taken from the docket of the court. In all cases of conviction for a felony the fee of five dollars herein allowed shall be taxed against the defendant as costs in favor of the Commonwealth."

We have not been referred to any case construing this section. Appellants contend that the construction of section 1724 will aid in arriving at the proper construction of the section under consideration. That section allows the clerk a fee of five dollars for the transcript in all cases or prosecutions for a felony when there is an appeal by the Commonwealth. He also refers to section 2271 of the statute, which provides that a jury fee of four dollars shall be paid to the clerk by the successful party in each case, and then asks if there should be one hundred defendants in the case and the jury should return a verdict for the defendants, if there could be taxed as cost one hundred jury fees? This section provides for a jury fee of four dollars in each case tried by a jury, and if the one hundred defendants have separate trials there would be one hundred jury fees to be

paid. We are also referred to section 1738, which allows a witness fee of one dollar for each day in attendance. This section does not aid in the construction of the section under consideration. Witnesses are only allowed a fee of one dollar per day, and cannot claim more than this although he may be summoned to appear in a half dozen cases, under which conditions he would be required 'to elect as to which party he would claim against. Section 1723 which is also referred to by appellants, merely provides that when an indictment is quashed or dismissed with leave to resubmit 'the charge to the grand jury another indictment is returned which charges the same crime or any degree thereof, consisting of a felony, such prosecution shall be deemed a continuous one for the purposes expressed in the whole act, +he taxation of a clerk's fee of five dollars being one of such purposes. It further provides that should no indictment be returned upon the resubmission, before the expiration of the next succeeding term after the order of resubmission was entered, then the clerk's right to claim and have paid such fee shall immediately attach.

The only question is: What did the Legislature mean when it said that the clerks of the various circuit courts should be paid by the Commonwealth a fee of five dollars for services rendered or performed by them for the Commonwealth *"in all felony cases or prosecutions by indictment for felony in their respective courts?"*

The effect of appellant's claim is that every indictment is one case or prosecution; it matters not how many defendants are named in the indictment. He admits, however, which, in our opinion, is hurtful to his position, that if more than one defendant is included in the indictment for a felony and each of them demand a separate trial, which he has a right to do under the Code, then there are as many cases as there are defendants in the indictment and the clerk would be entitled to a fee of five dollars in each case. It will be seen that section 1722 provides that the Auditor shall pay the clerk his fee provided in that section, and says that the clerk's claim shall be examined and approved by the regular judge and the Commonwealth's Attorney of the court which, in no instance should be done until the *case* or prosecution has been taken from the docket. It is not stated nor intimated that the case or prosecution

should be taken from the docket by a trial before a jury or the court. In our opinion, when the Legislature enacted section 1722 it intended to allow the clerks of the circuit courts five dollars for their services in each case of the Commonwealth against a defendant charged with a felony, and that this fee is due and payable when the case is taken from the docket by either dismissing or quashing the indictment or by a trial before a jury. No other reasonable construction can be given this section of the statute. It seems that the Legislature had in mind the fact that if the Commonwealth's Attorney dismissed a case against one jointly indicted with another the clerk's pay would be comparatively easily earned, but that if each of the defendants should demand a separate trial, which they may do, and a trial before a jury, the clerk would more than earn his fee.

For these reasons, the judgment of the lower court is affirmed.